**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

MATTHEW WESLEY TEAL,

       Plaintiff,
v.

FLORIDA FINE CARS, INC.,

       Defendant.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, MATTHEW WESLEY TEAL, brings this action against Defendant, FLORIDA FINE CARS, INC., pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff MATTHEW WESLEY TEAL was a resident of the State of Florida and an "employee" of Defendant as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA.

4. At all times material hereto, Defendant, FLORIDA FINE CARS, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of car sales, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Two or more of Defendant's employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

6. Plaintiff MATTHEW WESLEY TEAL worked for Defendant as a finance manager.

7. Defendant failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

8. Defendants failed to pay Plaintiff's full and proper minimum wages.

9. Defendants failed to pay Plaintiff's full and proper commissions.

10. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

11. Defendant has knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

12. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**

14. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES

17. Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

18. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

19. Plaintiff entered into an oral contract for wages wherein Defendant would pay 14% of the profit on each car sold, 3% on additional products sold including but not limited to warranties, gap insurance, "side car coverage," and roadside assistance, and an additional 1% on profit of vehicles with PVR of $2,000 or more.

20. Plaintiff worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff was lawfully entitled under an oral contract for wages with Defendant.

21. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

22. Pursuant to Section 448.08, Florida Statutes, Plaintiffs are entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

*Elliot A. Kozolchyk* (signature)

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791